FILED
JUN - 4 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Lester Jon Ruston, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 10 0917
 )
Federal Bureau of Prisons, )
 )
    Defendant. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is a "civil detainee" at the United States Medical Center in Springfield, Missouri, Compl. at 1, having been found not guilty by reason of insanity for threatening to assault and murder a federal magistrate judge. *See United States v. Ruston*, 565 F.3d 892, 894 (5th Cir. 2009). He sues the Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for allegedly failing to respond to his FOIA "Request Number 2008-01703." Compl. at 2. Yet, plaintiff attaches BOP's response of November 23, 2007, informing him that it could not process the request because he had not provided "either proper authorization or sufficient information to identify the individual whose records you seek," and that the request therefore was "considered closed." Ex. 1 (response letter). The letter indicates that "a form DOJ-361, Certification of Identity" was enclosed, the completion of which "should provide the information [BOP] need[ed] to proceed." *Id.*

Plaintiff attaches to this complaint a "Certificate of Identity" dated April 17, 2010, but he does not state that he completed such a form and returned it to the agency in response to the letter of November 23, 2007. Instead, plaintiff makes wild, unsubstantiated allegations of a conspiracy involving United States District Judge Ricardo Urbina of this Court and other individuals not named in this action.[1] *See* Compl. at 3-4. In any event, the Court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records. 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (citation omitted). An agency's obligation to produce responsive records, however, is triggered by its receipt of a request that "(i) reasonably describes such records and (ii) is made in accordance with published rules[.]" 5 U.S.C. § 552(a)(3)(A). Because plaintiff failed to submit a proper FOIA request, no improper withholding has occurred regarding the subject request. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ellen S. Huvelle
United States District Judge

Date: May 21, 2010

---

[1] *See Ruston v. United States*, Civ. Action No. 10-805, Mem. Op. filed May 17, 2010, at 2 n.2 (noting that the dismissal as frivolous "is consistent with Ruston's history of delusional thinking") (citing cases).

2